## In re Estate of Wolf Freilich, Deceased.
## Eva Freilich, Individually and as Executrix, Appellant, v. Moses Freilich and Celia Schonfeld, Appellees.

### Gen. No. 21,352.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. John McNutt, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed March 28, 1916.

### Statement of the Case.

Appeal from an order in the Circuit Court affirming, in effect, an order of the Probate Court directing Eva Freilich, as executrix of the last will and testament of Wolf Freilich, deceased, to pay out of funds in her hands, to two legatees under the will, $1,500 each, on account of their legacies thereunder. When it was made in the Probate Court it appeared that the executrix had in her hands $14,459.70, that the uncollected accounts of the estate were deemed worthless and that there were pending claims against the estate amounting to $4,495.10. It also appeared that executrix had not been allowed any compensation for her services as such executrix, nor fees for her counsel. The circuit judge, on the proof before him, estimated that the latter might equal $1,700, and from the showing of record her compensation as executrix might aggregate, on a full statutory allowance, $7,560. The record indicated that her services as executrix extended over a considerable period and involved handling numerous transactions and large sums of money, aggregating over $125,000, incident to closing out a merchandise business, collecting the accounts and paying the creditors.

Elijah N. Zoline, for appellant; Morris K. Levinson, of counsel.

CHICAGO—FIRST DISTRICT—MARCH, 1916.     421

New Columbus B. Co. v. Empire E. S. & V. Co., 198 Ill. App. 421.

NEWMAN, POPPENHUSEN & STERN, for appellees; ED-WARD R. JOHNSTON and HARRY GOODMAN, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

EXECUTORS AND ADMINISTRATORS, § 340*—when order directing payment of legacies premature. Order of Probate Court directing executrix to pay two legacies of $1,500 each, held premature where executrix had not been allowed compensation for her services or fees for her counsel, and it appearing that the funds on hand amounted to $14,459.70, that there were claims pending against the estate aggregating $4,495.10, and that executrix's compensation, on a full statutory allowance, might aggregate $7,560.

---

## New Columbus Buggy Company, Appellee, v. Empire Express Storage & Van Company, Appellant.

### Gen. No. 21,365.

1. REPLEVIN, § 47*—what constitutes sufficient demand for goods. Where a corporation styled "The New Columbus Buggy Company" makes demand for goods in possession of another and fails to designate itself under that style but leaves out, in making such demand, the word "new," even though such technicality were availing, still where, on making such demand, defendant makes an absolute refusal to deliver the goods except on replevin, plaintiff is excused from the necessity of any further demand before bringing suit.

2. MUNICIPAL COURT OF CHICAGO, § 29*—when presumed that rules authorize prosecution of case of first class without declaration. Under the Municipal Court Act, sec. 28, par. 9 (J. & A. ¶ 3340), the Municipal Court of Chicago has power to adopt rules prescribing the same practice in first-class cases as in fourth-class cases; in fourth-class cases a declaration in replevin is not necessary, and indulging the presumption of regularity of procedure and that the court observed its rules, it will be assumed, until the contrary is

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.